# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. NARANJO, | CASE NO. 11cv1487 WQH (PCL) |
| Petitioner, | ORDER |
| vs. | |
| TIMOTHY BUSBY, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 15) of United States Magistrate Judge Peter C. Lewis, filed on June 6, 2012.

**BACKGROUND**

On February 11, 2009, in California Superior Court, County of San Diego, Petitioner Jose A. Naranjo entered a plea of guilty to: (1) forcible rape in violation of Cal. Penal Code § 261(a)(2); (2) sodomy by use of force in violation of Cal. Penal Code § 286(c)(2); (3) assault in violation of Cal. Penal Code § 245(a)(1) with an enhancement for personal infliction of great bodily injury pursuant to Cal. Penal Code § 12022.7(a); and (4) making criminal threats in violation of Cal. Penal Code § 422. (Lodgment 3; Lodgment 11). Pursuant to a plea agreement, Petitioner agreed to serve a prison term of eighteen years and eight months. *Id.* The judge did not advise Petitioner of any appeal rights that he was waiving or preserving under the plea agreement.

On March 12, 2009, Petitioner filed an ex parte motion to withdraw his guilty plea.

(Lodgment 1 at 38-41). The motion requested that his attorney, Mel Epley, be dismissed from the case. *Id.*

On March 13, 2009, the state court dismissed Epley and appointed the Office of the Alternate Public Defenders to represent Petitioner. (Lodgment 1 at 37).

On March 17, 2009, Albert Bradley, Petitioner's new attorney, filed a motion to withdraw Petitioner's guilty plea which stated: "[Petitioner] alleges that counsel failed to adequately communicate with him, failed to provide him with copies of the discovery, and that the Public Defender simply did not have the time to adequately represent him. Under the circumstances, the [Petitioner] did not receive adequate representation in such a serious matter. He should be allowed to withdraw his plea." (Lodgment 1 at 35-36).

On June 3, 2009, the California Superior Court, County of San Diego held an evidentiary hearing to consider Petitioner's motion to withdraw his plea. The Court denied the motion and sentenced him pursuant to his plea agreement. Petitioner was not advised of any appeal rights at the time of sentencing. Neither Petitioner nor his counsel filed a direct appeal.

On June 3, 2010, Petitioner filed a habeas corpus petition in California Superior Court, County of San Diego. (Lodgment 4). On July 20, 2010, the court denied the petition. (Lodgment 5).

On September 16, 2010, Petitioner filed a habeas corpus petition in the California Court of Appeal. (Lodgment 6). On November 2, 2010, the court denied the petition. (Lodgment 7).

On December 13, 2010, Petitioner filed a habeas corpus petition in the Supreme Court of California. (Lodgment 8). On June 8, 2011, the court summarily denied the petition. (Lodgment 9).

On July 1, 2011, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 in this Court, challenging his conviction on the grounds that (1) he was unduly influenced by counsel to plead guilty; (2) he did not understand the charges to which he was pleading guilty; (3) the trial court erred in denying his Motion to Withdraw Guilty Plea; and (4) he received ineffective assistance of counsel because his attorney failed

to file a notice of appeal. (ECF No. 1).

On November 30, 2011, Respondent filed an Answer contending that the state courts reasonably and properly denied each of Petitioner's claims. (ECF No. 12). On December 5, 2011, Petitioner filed a Traverse. (ECF No. 14).

On June 6, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied. (ECF No. 15).

On July 13, 2012, Petitioner filed objections to the Report and Recommendation. (ECF No. 19). Petitioner objects to the Report and Recommendation on the grounds that: (1) "[t]he Magistrate erroneously reject[ed] Petitioner's claim that it was undue pressure from trial counsel that induced Petitioner to plead guilty and sign a stack of waivers ..." ; (2) "[t]he Magistrate err[ed] in speculating that [P]etitioner was fully able to comprehend exactly what he was intimidated into pleading to by Counsel, or just what the interpreter was actually saying to Petitioner"; (3) the Magistrate Judge failed to consider "a clause contained in the plea agreement/contract" that should have permitted Petitioner to change his plea; and, (4) the "Magistrate mistakenly [found] that Petitioner's trial Counsel had no duty to file a notice of Appeal on [Petitioner's] behalf." (ECF No. 19).

**STANDARD OF REVIEW**

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

**DISCUSSION**

This Court's review of the Petition is governed by the deferential standard of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under this standard, a petition cannot be granted unless the state court decision was "contrary to, or involved an

unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . . Rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (internal quotation marks and citations omitted).

## I.     Claims 1 and 2: Voluntariness of Petitioner's guilty plea

In his objections to the recommendation of the Magistrate Judge, Petitioner asserts that "Counsel, rather than putting together a viable defense for Petitioner, instead went to work on his client's fears of a 25-year-to-life prison term so as to frighten him to accept, via psychological arm twisting, the disputed plea agreement." (ECF No. 19 at 2). In his Petition, Petitioner asserts: "Mr. Epley presented Petitioner with an ultimatum–take the deal or have a sham trial in which he would present no evidence on Petitioner's behalf. In fact, Mr. Epley told Petitioner that if Petitioner ever wanted to see his kids again he had better take the deal. In addition, on several occasions did Mr. Epley state on the record that he was not prepared to proceed to trial." (ECF No. 1 at 8). Petitioner asserts that "[t]he only evidence relied on by respondent, or the Magistrate, as to what was actually done by the interpreter [when Petitioner entered his guilty plea], is that she directed [Petitioner] where to sign his name on the form...." (ECF No. 19 at 3). Petitioner asserts that "... nobody ever explained to him what he was pleading to ... [and] that he submitted a 'Request for Interview' once he arrived at the prison seeking to find out how much time he was sentenced to and also how many strikes he had in his case. ... Petitioner does not speak, read, or write English." (ECF No. 1 at 12). Petitioner contends that "[t]he Magistrate [erred] in speculating that Petitioner was fully able to comprehend exactly what he was intimidated into pleading to by Counsel, or just what the interpreter was actually saying to Petitioner." (ECF No. 19 at 2). Petitioner contends that

"[u]nder these circumstances, it cannot be said that Petitioner's plea was made freely or voluntarily." (ECF No. 1 at 11).

The California Court of Appeal stated:

> The change of plea form reflects [that Petitioner] was provided with a sworn Spanish interpreter, Yolanda Brennan, at the change of plea hearing. Interpreter Brennen signed the change of plea form stating that she 'truly translated for the defendant the entire contents of this form and any attached addendum. ....' [Petitioner] signed the plea form, indicating that he understood the plea and that he entered it freely and voluntarily. [Petitioner] has not shown his plea was other than knowing and voluntary, and he received the benefit of his bargain.

(Lodgment 7 at 2).

The Magistrate Judge stated:

> In order for a guilty plea to be valid, the record must reflect that the defendant made the plea voluntarily, and that the waiver was a knowing and intelligent act done with sufficient awareness of the likely consequences. *Brady v. United States*, 397 U.S. 742, 747-48 (1970). The voluntariness of a plea can only be determined by considering all of the relevant circumstances surrounding it, including the sentence that may be imposed pursuant to the plea relative to that which may have been imposed had the defendant been found guilty after a trial. *See Id.* at 749. In addition, voluntariness requires that a defendant has notice of the nature of the charges of which he or she is accused. *Marshall v. Lonberger*, 459 U.S. 422, 436 (1983). When a defendant is represented by counsel, it may be appropriate to presume that, even without an express representation the charge was explained, the defendant's counsel did explain the charge. *Id.* (citing *Henderson v. Morgan*, 426 U.S. 637, 645 (1976)).
>
> A criminal defendant who pleaded guilty on the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the counsel's advice was not within the range of competence required of attorneys in criminal cases. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, the two-part test of *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). First, "defendant must show that counsel's representation fell below an objective standard of reasonableness" under the circumstances. *Strickland*, 466 U.S. at 688. Second, to demonstrate prejudice in the context of a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 57. The standards under both S*trickland* and section 2254(d) are highly deferential, and they become doubly deferential when *Strickland* and section 2254(d) apply "in tandem." *Harrington v. Richter*, 131 S. Ct 770, 788 (2011). Thus, the question is whether there is *any* reasonable argument that counsel satisfied *Strickland*'s deferential standard. (*Id.*) (emphasis added). Finally, a habeas petitioner bears the burden of establishing that a guilty plea was not voluntary and knowing. *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006).
>
> After reviewing the entire record, this Court finds that [Petitioner] did not receive ineffective assistance of counsel and that the state court reasonably determined his plea was voluntary.

> During the plea bargaining process, [Petitioner] was provided with a certified Spanish interpreter, who translated the plea form. (Lodgment 11, at 2.) The interpreter also assisted him at the plea hearing and the sentencing hearing. (Lodgments 3 & 10.) [Petitioner] signed the plea form and initialed next to the following provisions: "I am entering my plea freely and voluntarily, without fear or threat to me or anyone closely related to me;" and "I declare under penalty of perjury that I have read, understood, and initialed each item above and any attached addendum, and everything on the form and any attached addendum is true and correct." (Lodgment 3.) He also initialed next to the provision stating, "I have not been induced to enter this plea by any promise or representation of any kind, except (State any agreement with the District Attorney.)" (*Id.*) The agreement with the District Attorney followed and indicated the counts to which [Petitioner] was pleading and a dismissal of the balance, as well as a stipulated sentence of 18 years and eight months. (Lodgment 3, at 1.) In addition, [Petitioner] initialed next to the factual basis for his plea....
>
> [Petitioner]'s counsel signed the plea form indicating that he had personally read and explained the entire contents of the form to the defendant. (Lodgement 3.) The interpreter signed at the bottom of the form indicating that she had truly translated the entire contents of the form and that [Petitioner] indicated his understanding of the contents of the form. (*Id.*) During [Petitioner]'s change of plea hearing, the judge carefully and thoroughly questioned [Petitioner] as to his understanding of the consequences of his plea. (Lodgment 11, at 1). The judge questioned [Petitioner] as to whether anyone had threatened him in any way or forced him to change his plea. (*Id.*) [Petitioner] indicated the his plea was voluntary; that he understood the plea agreement after it was translated by a certified Spanish language interpreter; and that it was his signature on the form and his initials by each provision in the form. (Lodgment 11, at 3-4.)
>
> The judge went on to explain that each of the charges to which [Petitioner] pled constituted a strike and the consequences of those strikes. (Lodgment 11, at 4.) The judge explained that [Petitioner] would have a lifetime requirement to register as a sex offender. (Lodgment 11, at 5.) Finally, the judge questioned [Petitioner] regarding the factual basis of his plea....
>
> Finally, the judge went on to elicit, for a second time, that [Petitioner] understood the charges to which he was pleading and the factual basis for each charge. (Lodgment 11, at 8.)     ...
>
> As to his claims of ineffective assistance of counsel, the *Strickland* standard requires a showing of deficient performance by counsel and that the result would have been different. Here, [Petitioner] fails on both counts. By counseling [Petitioner] on the possible consequences of going to trial and on the nature of the plea agreement, his appointed attorney's conduct did not fall below an objectively reasonable standard. [Petitioner] faced a difficult choice, but his counsel's recommendation to take the plea, even if voiced in strong terms, did not amount to coercion or threats. ...
>
> [T]his Court finds that the appellate court did not make a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States nor one that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(ECF No. 15 at 6-11).

Guilty pleas are valid if made voluntarily and intelligently. *Brady v. United States*, 397 U.S. 742, 747 (1970). "A plea is voluntary [and intelligent] only if it is entered by one fully aware of the direct consequences of his plea...." *United States v. Amador-Leal*, 276 F.3d 511, 514 (9th Cir.2002); *see also Brady*, 397 U.S. at 750 (holding that a defendant in a criminal proceeding must be able to, "with the help of counsel, rationally weigh the advantages of going to trial against the advantages of pleading guilty").

The Magistrate Judge correctly concluded that Petitioner has failed to demonstrate that the California Court of Appeal's decision, finding that Petitioner voluntarily and knowingly entered his plea, was contrary to, or an unreasonable application of, Supreme Court precedent. *See Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006) ("A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing"); *see also Brady,* 397 U.S. at 755 ("[A] plea of guilty entered by one fully aware of the direct consequences ... must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)."). The Court finds that the Magistrate Judge correctly concluded that "[Petitioner's] appointed attorney's conduct did not fall below an objectively reasonable standard" and that Petitioner has failed to demonstrate that the California Court of Appeal's ruling to deny Petitioner's first two claims was contrary to, or an unreasonable application of, Supreme Court precedent. (ECF No. 15 at 11-12).

**II.     Claim 3: Petitioner's Motion to Withdraw Guilty Plea**

In his objections to the Magistrate Judge's recommendation, Petitioner asserts:

> ... [T]here is a clause contained in the [plea agreement] contract that the Petitioner was in compliance with for the pendency of his sentencing. The Clause reads as follows:
>
> (CRUZ WAIVER) NEGOTIATED, 'DISPOSITION THAT IF PENDING SENTENCING I AM ARRESTED OR COMMIT ANOTHER CRIME[], OR WILLFULLY FAIL TO APPEAR FOR MY PROBATION INTERVIEW OR MY SENTENCING HEARING, THE SENTENCING [PORTION] OF THIS AGREEMENT WILL BE CANCELLED.  I WILL BE SENTENCED UNCONDITIONALLY, AND I WILL NOT BE ALLOWED TO WITHDRAW MY GUILTY/NO CONTEST PLEA(S).'

(ECF No. 19 at 3).  Petitioner contends that "[t]he clause clearly implies that a defendant can withdraw a guilty plea if he or she abides by the details that the 'Cruz Waiver' lays out in the plea contract." *Id.*  Petitioner contends that "Petitioner was actually denied the benefit of the plea contract ..." because Petitioner "did not violate any [of] the conditions in the clause." *Id.* at 3-4.

The Magistrate Judge stated:

> Prior to sentencing, [Petitioner], represented by new counsel, moved the trial court to withdraw his plea.  The court held an evidentiary hearing, during which [Petitioner] confirmed that his former attorney had explained the stipulated sentence versus the possibility of 25 years to life if convicted at trial. (Lodgment 10, at 10).  During the hearing, [Petitioner] did not argue his innocence, but rather, requested a shorter sentence, "something fair." (Lodgment 10, at 8).  The only evidence [Plaintiff] offered in support of his argument that his plea was coerced was to say that he was "threatened, influenced, and terrorized by the prosecution and by my attorney that forced me to sign the sentencing, the sentence of 18 years, eight months.  The only evidence [Plaintiff] offered to support these purported threats was his attorney's explanation that he would face the possibility of life in prison if he did not sign the plea, and his attorney's statement that the District Attorney would make only the one offer. [Petitioner] did not offer any evidence that he was threatened by anyone. ...
>
> The Court also examined Mr. Epley, the attorney who had represented [Petitioner] during the plea bargaining process.  The judge asked Mr. Epley whether [Petitioner] had asked him to do things that he had not done; whether he ever told [Petitioner] that he did not have time to devote to his case; and how many times and for how long Mr. Epley met with [Petitioner] during the representation.  Mr. Epley testified that he had met with [Petitioner] twice in prison and twice via video conference and that he had explained the plea agreement as well as the possible consequences if [Petitioner] were to be convicted. (Lodgment 10, at 13).  He testified that he had been busy on another matter for two weeks between [Petitioner's] preliminary hearing and arraignment and had explained to [Petitioner] that he would not visit him in jail during that time. (Lodgment 10, at 14-15).  Finally, Mr. Epley testified that only at the time for sentencing, did [Petitioner] ask him to do anything he had not already done. (Id.)  The court then found that [Petitioner] had been adequately represented and denied his motion to withdraw his plea.  The court refused to credit [Petitioner's] claims that he had been threatened or inadequately counseled by his attorney and characterized his state of mind as one of 'buyer's remorse.'
>
> The California Court of Appeal determined that [Petitioner] failed to show that his guilty plea was "other than knowing and voluntary" because he was provided with a sworn Spanish interpreter who assisted him to review the contents of the plea form and signed the form indicating she had truly translated its contents.  (Lodgment 7, at 2)  The state court also based its findings on the fact that [Petitioner] signed and initialed the plea form to demonstrate that he voluntarily and intelligently pleaded guilty and understood the contents of the plea form.  (Id.) ...
>
> [Petitioner] has failed to demonstrate that the California Court of

>  Appeal's ruling was contrary to, or an unreasonable application of, the governing law.

(ECF No. 15 at 10-11).

In this case, the Cruz waiver signed by Petitioner did not provide Petitioner with a right to withdraw his guilty plea. *See People v. Vargas*, 223 Cal. App. 3d 1107 (1990). If Petitioner had been arrested for another crime, violated any condition of his release, or failed to appear to a probation interview or sentencing hearing prior, the Cruz waiver would have foreclosed any right that he may have otherwise had to withdraw his plea. *Id.* On June 3, 2009, at the evidentiary hearing held prior to Petitioner's sentencing, the court considered Petitioner's motion to withdraw his guilty plea. Petitioner testified on his own behalf and, in response to questions from Bradley, Petitioner stated: "I asked [Epley] for my discovery, and he never gave it to me. And I didn't get anything till now that I have a new attorney representing me." (Lodgment 10 at 3). Petitioner testified that he did not enter his guilty plea voluntarily: "I felt like I had no other option ... [b]ecause [Epley] told me that if I wanted to ever see the light of day outside again, that I had to sign." *Id.* at 4. On direct examination, Epley stated: "My notes indicate that I saw [Petitioner] personally in the jail two times. ... And twice I had video conferences with him from our office. ... I told him that [there] was a possibility [of life in prison] if he was convicted of some of the charges and the allegations attached thereto." *Id.* at 12. Epley stated that he did not threaten Petitioner to accept the plea agreement and that Petitioner never asked anything of him until the day of sentencing. *Id.* Bradley did not cross-examine Epley. *Id.* at 14. The state court judge found that Petitioner's plea was knowing and voluntary, stating:

> Under the circumstances such as this, good cause for withdrawing a guilty plea exists when, by clear and convincing evidence, a defendant demonstrates that his free judgment has been overcome either by mistake, ignorance, or some other factor, duress, fraud, or inadvertence. The circumstance in this case is one where this defendant has failed to convince me that any of those factors exist.

(Lodgment 1 at 13-15; Lodgment 2; Lodgment 10). The Court finds that the Magistrate Judge correctly concluded that the decision of the state court to deny Petitioner's motion to withdraw his guilty plea was not contrary to, or an unreasonable application of, Supreme Court precedent.

### III. Claim 4: Ineffective of assistance of counsel for failing to appeal the denial of Petitioner's Motion to Withdraw Plea

In his objections to the recommendation of the Magistrate Judge, Petitioner asserts that the "Magistrate mistakenly finds that Petitioner's trial Counsel had no duty to file a notice of Appeal on his Client's behalf." (ECF No. 19 at 4). Petitioner contends that "Petitioner did not waive the right to appeal under the CIRCUMSTANCES under which the instant sentence was in essense [sic] forced upon him, the filing of his motion to withdraw should be evidence enough for competent counsel to have filed a very simple Notice of Appeal. Counsel did not even appeal the denial of the motion itself." *Id.* In the Petition filed in this Court, and in both habeas petitions filed by Petitioner in state court, Petitioner states:

> Petitioner, unsure if his attorney had filed a notice of appeal, sought to file one himself soon after arriving at the Department of Corrections Reception Center at Donovan State Prison. Petitioner, not having access to the law library (due to the lock-down status of all reception center inmates), submitted an "Inmate Request for Interview" on 8-31-09 (see "Inmate Request for Interview"; Exhibit "E") seeking information in regards to filing an appeal. Petitioner, being a layman at the law, and unable to speak or write English, didn't know what he needed to do in order to appeal his case; specifically, he did not know that he needed to seek a Certificate of Probable Cause. In any event, it was defense counsel[']s duty to file a Notice of Appeal, or at the very least, explain to Petitioner what he needed to do to protect his right to challenge the conviction.

(ECF No. 1 at 20-22; Lodgment 4 at 20-21; Lodgment 6 at 20-21).

The California Court of Appeal found that Petitioner's counsel was not ineffective for failing to directly appeal the denial of his motion to withdraw his guilty plea, stating:

> [Petitioner] also contends trial counsel was ineffective because substitute counsel did not file a notice of appeal so that he could seek review of the validity of his plea. [Petitioner] waived certain appeal rights as part of his plea. In order to obtain appellate review of the validity of the plea, [Petitioner] was required to file a timely notice of appeal and *request and obtain* a certificate of probable cause from the trial court. (Pen. Code, § 1237.5.) An appellate court may grant constructive filing of a notice of appeal when an incarcerated defendant reasonably relies on counsel's representation that counsel will timely file a notice of appeal on the defendant's behalf and counsel fails to do so. (*In re Benoit* (1973) 10 Cal.3d 72, 86-87.) On this record, [Petitioner] has not shown he is entitled to constructive filing of the notice of appeal and request for a certificate of probable cause.

(Lodgment 7 at 2).

The Magistrate Judge stated:

> [Petitioner]'s fourth and final ground in the present habeas Petition is that

his counsel provided ineffective assistance when he failed to file a notice of appeal. (Doc. 1, at 22-27.) He contends that he did not consent to not filing a notice of appeal, and therefore, his counsel had the duty to file a notice of appeal or at least inform him what he needed to do to protect his rights. (Doc. 1, at 22-23.) [Petitioner] also claims that he contacted his counsel sometime after he was transferred to a prison to inquire about whether an appeal was filed. (Doc. 1, at 26.) However, the state court determined that [Petitioner] failed to show his trial counsel was ineffective because he "waived certain appeal rights as part of his plea." (Lodgment 7, at 2.) The state court further determined that [Petitioner] was not entitled to constructive filing of a notice of appeal because he did not reasonably rely on his counsel's representation that a notice of appeal would be timely filed. (*Id.*)

The *Strickland* standard applies to a claim that counsel was ineffective for failing to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In this context, counsel's performance is potentially deficient if he or she fails to consult with his or her client about an appeal. *Id.* at 479. Counsel has the duty to consult when there is reason to think that "(1) a rational defendant would want to appeal, or (2) th[e] particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In determining counsel's duty to consult, it is "highly relevant" to inquire whether the conviction follows a trial or a guilty plea, whether the plea was entered pursuant to a plea agreement, whether the defendant was sentenced in accordance with the plea agreement, and whether the plea agreement waived or reserved the right to appeal. *Id.*; *U.S. v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2005). To demonstrate prejudice a defendant is not required to show that he had meritorious grounds for appeal. *Sandoval-Lopez*, 409 F.3d at 1196. Rather, it requires a showing that, but for counsel's unprofessional errors, the result of the proceeding would have been different - that he would have appealed had his lawyer asked. Id. In determining the probability that the defendant would have appealed, it is important to determine whether there were non-frivolous grounds for appeal and whether the defendant promptly expressed his desire to appeal. Id.

[Petitioner]'s attorney did not counsel him about appeal rights after his sentencing. [Petitioner] nonetheless claims that his counsel had the duty to file a notice of appeal because he did not convey his desire not to file a notice of appeal. (Doc. 1, at 22-23.) Although he claims to have contacted his counsel about four months after his sentencing, he allegedly inquired only about whether an appeal was filed. (Doc. 1, at 26.) However, because [Petitioner] waived appeal rights, this failure to consult was not deficient performance by his attorney. Further, [Petitioner] received the benefit of his bargain when he was sentenced in accordance with his plea agreement. [Petitioner]'s waiver would most likely have resulted in a dismissal if he had appealed. As such, he did not have "non-frivolous" grounds for appeal. Therefore he neither demonstrated to his counsel that he was interested in appealing, nor was he in the position of a "rational" defendant who would want to appeal. *See Sandoval-Lopez*, 409 F.3d at 1197. This Court finds the California Court of Appeal's ruling was not contrary to, or an unreasonable application of, the governing law. Therefore, [Petitioner]'s ineffective assistance of counsel claim fails.

(ECF No. 15 at 12-13).

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court held

that under the performance prong of the *Strickland v. Washington*[1] framework, "counsel ha[s] a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. The Supreme Court explained that it "employ[ed] the term 'consult' to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. In making this inquiry, courts must "take into account all the information counsel knew or should have known." *Id.* at 480. A guilty plea is "highly relevant," although not a dispositive factor, in deciding whether counsel was duty-bound to advise a defendant about his appellate rights. *Id.* In cases where the petitioner pleads guilty, the court must "consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.* To satisfy *Strickland*'s prejudice prong, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. "[T]he prejudice inquiry ... is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous grounds for appeal." *Id.* at 486.

In *Lewis v. Johnson*, 359 F.3d 646 (3d. Cir. 2004), the Court of Appeals for the Third Circuit applied *Flores-Ortega* and found ineffective assistance of counsel where an attorney did not counsel his client about appealing the denial of his application to withdraw a guilty

---

[1] To prevail on a claim for ineffective assistance of counsel, Petitioner must demonstrate two things. First, he must show that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." *Id*. Second, he must show that counsel's deficient performance prejudiced the defense. *Id*. This requires showing that counsel's errors were so serious that they deprived Petitioner "of a fair trial, a trial whose result is reliable." *Id*. The standards under both *Strickland* and section 2254(d) are highly deferential, and they become "doubly deferential" when *Strickland* and section 2254(d) apply "in tandem." *Harrington v. Richter*, 131 S. Ct 770, 788 (2011).

plea. *Lewis,* 359 F.3d at 650-51. Lewis pled guilty, was informed of his right to an appeal by the trial court, and attempted to contact his attorney after his sentencing hearing, but made no reference to an appeal. *Id.* at 649. Unable to reach his attorney, Lewis filed a timely pro se motion to withdraw his guilty plea. *Id.* at 650. A month later, his trial counsel filed a "bare-boned" and untimely motion to withdraw Lewis's guilty plea. *Id.* at 660-61. The trial court did not rule on the pro se motion and summarily denied the motion filed by trial counsel. *Id.* at 650, 661. No notice of appeal was filed. *Id.* Lewis then wrote the Clerk of the Court, describing his lack of contact with his attorney, and requested an "extension of time, to prepare my case in the proper order." *Id.* at 661. Lewis also wrote the Clerk of the Court to inquire about the "present state, of any appeal you may have submitted to the court on my behalf, and who is the lawyer of record." *Id.* The court stated:

> ... Lewis is entitled to federal habeas relief stemming from trial counsel's failure to advise him of his right to appeal from the trial court's denial of his motion to withdraw the guilty plea. ...
>
> [T]his record compels a finding that trial counsel's conduct was objectively unreasonable. We can think of no strategic reason to explain why [counsel] failed to follow-up with Lewis either following the sentencing or after the trial court denied the motion to withdraw, and the Commonwealth offers none. The ultimate decision to appeal rests with the defendant.

*Id.* at 660-661 (citation omitted).

In this case, Petitioner entered a plea of guilty pursuant to a plea agreement, which states: "... **(Appeal Rights)** I give up my right to appeal the following: any sentence stipulated herein." (Lodgment 3 at 2). Petitioner did not waive his right to appeal his underlying conviction, i.e. the voluntariness of his guilty plea. The Magistrate Judge's conclusion that Bradley's performance was not deficient is based on an incorrect finding that Petitioner "waived appeal rights." (ECF No. 15 at 13). The Court declines to adopt the recommendation of the Magistrate Judge to deny claim four of the Petition.

The California Court of Appeal correctly acknowledged that Petitioner had a right, under California law, to directly appeal the denial of his application to withdraw his guilty plea, despite having waived the right to appeal his sentence. The Court of Appeal stated: "[i]n order to obtain appellate review of the validity of the plea, [Petitioner] was required to file a

1  timely notice of appeal and request and obtain a certificate of probable cause from the trial
2  court." (Lodgment 7 at 2) (citing Cal. Penal Code § 1237.5). However, the California Court
3  of Appeal denied Petitioner's fourth claim on grounds unrelated to Bradley's performance,
4  concluding that Petitioner had failed to follow the procedures set forth in California Penal
5  Code section 1237.5 and "is not entitled to constructive filing of the notice of appeal and
6  request for a certificate of probable cause." *Id.* The state court failed to address whether
7  Bradley had a duty to consult with Petitioner.

8  Prior to his sentencing, Petitioner filed a motion to withdraw his guilty plea and a
9  motion to have his attorney, Epley, dismissed; in those motions, Petitioner alleged that his plea
10 was not made voluntarily or intelligently as a result of the undue influence of Epley. The
11 motion to withdraw the plea was denied and Petitioner was sentenced pursuant to the plea
12 agreement. The state court judge did not advise Petitioner of his appellate rights at his plea
13 hearing or sentencing hearing. Under the facts of this case, the Court concludes that there was
14 reason for counsel to think that a rational defendant, in Petitioner's position, would want to
15 appeal. *See Lewis,* 359 F.3d at 660 ("even if [counsel] concluded that any appeal would be
16 frivolous, he could not disregard the evidence of Lewis's unequivocal desire to challenge his
17 ... guilty plea, and abandon his client at this critical stage in the proceedings"); *but see Tanner*
18 *v. McDaniel*, 493 F.3d 1135 (9th Cir. 2007) (finding Petitioner's contention that "a rational
19 defendant in his position would have wished to appeal his conviction [based on the
20 voluntariness of his plea]" to be frivolous because, under Nevada law, "[Petitioner] would have
21 had to bring a motion to withdraw his guilty plea or contest the validity of his plea in a post-
22 conviction proceeding, rather than asserting this claim on direct appeal."). The Court
23 concludes that under the facts of this case, Bradley had a duty to consult with Petitioner
24 regarding an appeal. *See Flores-Ortega*, 528 U.S. at 480. ("[C]ounsel ha[s] a constitutionally
25 imposed duty to consult with the defendant about an appeal when there is reason to think ...
26 that a rational defendant would want to appeal"); *see also Buchanan v. Farwell*, 308 F. App'x
27 103, 107 (9th Cir. 2009) (concluding that the trial court's instructions were inadequate to
28 discharge petitioner's attorney from his duty to consult because "during [petitioner's] plea

hearing, the trial court informed [him] of his right to appeal his conviction, but made no mention of [petitioner's] right to appeal his sentence").

In order to determine whether Bradley fulfilled his duty, the Court will require the parties to file any and all relevant evidence, in the form of declarations and exhibits, as to whether Bradley consulted with Petitioner about an appeal. The Court declines to adopt the recommendation of the Magistrate Judge to deny Petitioner's request for an evidentiary hearing. The Court will review the parties' filings and determine whether an evidentiary hearing is necessary to resolve Petitioner's fourth claim.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 15) is adopted in part, from page 6, line 6 to page 12, line 6. The Petition for Writ of Habeas Corpus is DENIED as to claims 1-3. Petitioner shall file any and all relevant evidence in the form of declarations and exhibits in support of claim four of the Petition by January 16, 2013. Respondent shall file any and all relevant evidence in the form of declarations and exhibits in opposition to claim four of the Petition by February 13, 2013.[2]

DATED: November 29, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[2] In the event Respondent believes it necessary to obtain an order from the Court deeming Petitioner to have waived his attorney-client privilege, Respondent shall file a motion with the Court at the appropriate time.