# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. NARANJO,<br><br>                    Petitioner,<br>     vs.<br>JEFFREY BEARD, Secretary of the California Department of Corrections and Rehabilitation,<br><br>                    Respondent. | CASE NO. 11cv1487 WQH (PCL)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the "Application for Relief from Order to File Joint Status Report and Update Regarding Potential for Further State-Court Proceedings" ("Application for Relief") filed by Respondent Jeffrey Beard.

## BACKGROUND

On April 10, 2013, the Court conducted a *de novo* review of the record and found that Petitioner Jose A. Naranjo had not been afforded the effective assistance of appellate counsel guaranteed by the Sixth Amendment. (ECF No. 27). The Court granted Petitioner a conditional writ of habeas corpus and indicated that the writ would be granted unless, within sixty days of the date of that Order, the Superior Court of California, County of San Diego vacated its June 3, 2009 order and judgment and then reinstated that order and judgment, thereby allowing Petitioner to initiate the appeals process by seeking a certificate of probable cause. *Id.* at 16.

On April 30, 2013, Respondent filed the Application for Relief.[1] (ECF No. 28). Respondent "seeks relief from the order requiring a 'joint status report.'" *Id.* at 2. Respondent further requests that the Court issue a final Order, although "the State does not now contemplate the need for a stay pending any appeal." *Id.* at 2, 4.

## DISCUSSION

"[The United States Supreme Court] has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (collecting cases). "Courts employ a conditional order of release in appropriate circumstances, which orders the State to release the petitioner unless the State takes some remedial action...." *Harvest v. Castro*, 531 F.3d 737, 741-42 (9th Cir. 2008). "Such conditional orders are essentially accommodations accorded to the state, in that conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one." *Id.* at 742; *see also Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) ("[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life.").

"To be final, a habeas decision must either deny the petition or order the prisoner released at a specified time." *Prellwitz v. Sisto*, 657 F.3d 1035, 1037 (9th Cir. 2011) (internal quotation omitted) (citing *Alexander v. U.S. Parole Comm'n*, 514 F.3d 1083, 1087 (10th Cir. 2008) (holding that a conditional order is a final decision only if it orders the prisoner released by a specified time upon failure of the stated conditions); *Allen v. Hadden*, 738 F.2d 1102, 1106 (10th Cir. 1984) (same)). "Thus, conditional orders may qualify as final decisions, but only if they order the petitioner's release." *Prellwitz*, 657 F.3d at 1037 (citing *Browder v. Dir.,*

---

[1] The attached Certificate of Service (ECF No. 28-1) indicates that Respondent mailed a copy of the Application for Relief to a P.O. Box at Ironwood State Prison. As the docket reflects, Petitioner is no longer housed at Ironwood State Prison; rather, Petitioner is presently housed at Chuckawalla State Prison. The Court hereby **ORDERS** the Clerk of the Court to mail to Petitioner, at the address listed on the docket, a copy of this Order and the Application for Relief (ECF No. 28) filed by Respondent. Respondent shall serve all future filings on Petitioner at the address listed on the docket.

1 *Dep't of Corr.*, 434 U.S. 257, 260 (1978) (holding that an order "directing that petitioner be released from custody unless the State retried him within 60 days" was a final decision)).

In this case, the Court granted a conditional writ of habeas corpus that is consistent with the conditional writ that the Ninth Circuit instructed the district court in *Flores-Ortega* to grant while the case was on remand from the United States Supreme Court. *See Flores-Ortega v. Roe*, 39 F. Appx. 604, 606 (9th Cir. 2002) (instructing the district court "to issue a conditional writ of habeas corpus releasing Flores from state custody, unless the state permits Flores to initiate and prosecute a direct appeal from his conviction within a reasonable period of time as determined by the district court"). The Court will amend the April 10, 2013 Order as follows to indicate its finality: "The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to claim four. Respondent shall release Petitioner from custody on June 9, 2013 unless, prior to that date, the Superior Court of California, County of San Diego has vacated its June 3, 2009 order and judgment and then reinstated that order and judgment, thereby allowing Petitioner to initiate the appeal process from the reinstated judgment by seeking a certificate of probable cause."

## CONCLUSION

IT IS HEREBY ORDERED that the Application for Relief (ECF No. 28) is **GRANTED**. The Court will not require a joint status report. Respondent shall file a status report with the Court **no later than May 30, 2013**.

IT IS FURTHER ORDERED that the Court's April 10, 2013 Order (ECF No. 27) is **VACATED** in part, from page 16, line 5 to page 16, line 12, and amended as follows: "The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as to claim four. Respondent shall release Petitioner from custody on **June 9, 2013** unless, prior to that date, the Superior Court of California, County of San Diego has vacated its June 3, 2009 order and judgment and then reinstated that order and judgment, thereby allowing Petitioner to initiate the appeal process from the reinstated judgment by seeking a certificate of probable cause."

### Certificate of Appealability

A certificate of appealability must be obtained by a petitioner in order to pursue an

appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that jurists of reason could find it debatable whether this Court was correct in denying claims one, two and three of the Petition. *See* ECF No. 20. A certificate of appealability is **GRANTED** as to claims one, two and three.

DATED: May 1, 2013

**WILLIAM Q. HAYES**
United States District Judge