1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  JOSE A. NARANJO,                                      CASE NO. 11cv1487 WQH (PCL)

12                              Petitioner,

     vs.                                                 ORDER

13  JEFFREY BEARD, Secretary of the
     California Department of Corrections
14  and Rehabilitation,

15                              Respondent.

16  HAYES, Judge:

17        The matter before the Court is the Request for Appointment of Counsel filed by

18  Petitioner Jose A. Naranjo.  (ECF No. 38).

19                              **BACKGROUND**

20        On April 10, 2013, the Court conducted a *de novo* review of the record and found

21  that Petitioner Jose A. Naranjo had not been afforded the effective assistance of counsel

22  guaranteed by the Sixth Amendment.  (ECF No. 27).

23        On May 1, 2013, the Court amended the April 10, 2013 Order to indicate its

24  finality. The Court granted Petitioner a conditional writ of habeas corpus, which stated:

25  "Respondent shall release Petitioner from custody on June 9, 2013 unless, prior to that

26  date, the Superior Court of California, County of San Diego has vacated its June 3, 2009

27  order and judgment and then reinstated that order and judgment, thereby allowing

28

1    Petitioner to initiate the appeal process from the reinstated judgment by seeking a

2    certificate of probable cause." (ECF No. 29 at 3).

3        On May 30, 2013, Respondent filed a Status Report. (ECF No. 31). Respondent

4    stated that counsel has been appointed to assist Petitioner in the state court proceedings.

5    Respondent stated that counsel for Petitioner and the San Diego County District

6    Attorney's Office reached "a tentative agreement between them to effectuate this

7    Court's grant of habeas relief," which would involve: (1) the filing of a successive

8    habeas petition in state court "based on the same allegations of ineffective assistance

9    as raised in this [federal] Court"; (2) the filing of a stipulation by the District Attorney's

10   Office stating that the state habeas petition should be granted; and (3) "a Superior Court

11   judge's grant of state relief such that [Petitioner] will be allowed to file a notice of

12   appeal and a request for a certificate of probable cause." *Id.* at 1-2.  Respondent stated

13   that Petitioner's state court counsel wrote to Petitioner in prison on May 24 2013, but

14   had not received any response as of May 29, 2013.  Respondent requested an additional

15   thirty days to comply with the conditions of the Court's May 1, 2013 Order due to "the

16   need for [Petitioner's counsel] to communicate with [Petitioner]." *Id.* at 2.

17       On May 30, 2013, the Court issued an Order resetting the date on which

18   Petitioner must be released – if the conditions of the May 1, 2013 Order are not satisfied

19   – to July 9, 2013. (ECF No. 32).  The Court also stated:

20       Respondent shall file, **no later than June 21, 2013**, any request to
     modify the conditions of the Court's May 1, 2013 Order, i.e. that the
21   Superior Court of California, Court of San Diego vacate the June 3, 2009
     state court order and judgment and then reinstate that order and judgment,
22   thereby allowing Petitioner to initiate the appeal process from the
     reinstated judgment by seeking a certificate of probable cause. Any such
23   request shall be filed pursuant to Federal Rule of Civil Procedure 60(b).
     *See Harvest v. Castro*, 531 F. 3d 737 (9th Cir. 2008).  Petitioner shall file
24   any response **no later than July 5, 2013.**

25   *Id.* at 2.

26       On May 31, 2013, Respondent filed a Notice of Appeal to the Ninth Circuit from

27   the Court's May 1, 2013 Order.  (ECF No. 34).

28       On April 4, 2013, Petitioner filed the Request for Appointment of Counsel, which

1  is dated May 25, 2013.  (ECF No. 38).  Petitioner stated: "I, Jose A. Naranjo, a laymen

2  and Spanish speaking individual declare I am the Petitioner in the above-referenced

3  matter.   I hereby request counsel be appointed in this matter ... to assist with

4  respondent's multiple requests on how to proceed with this court's order filed May 01,

5  2013." *Id.* at 1.

## DISCUSSION

7      The Sixth Amendment right to counsel does not extend to federal habeas corpus

8  actions by state prisoners.  *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *see also*

9  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Nonetheless, financially eligible

10  habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain

11  representation whenever "the court determines that the interests of justice so require...."

12  18 U.S.C.A. § 3006A(a)(2)(B); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1177

13  (9th Cir. 1990) (stating that the decision to appoint counsel in a 28 U.S.C. § 2254

14  proceeding is within the discretion of the district court).  "To determine whether

15  appointment of counsel is required for habeas petitioners with nonfrivolous claims, a

16  district court should consider the legal complexity of the case, the factual complexity

17  of the case, the petitioner's ability to investigate and present his claim, and any other

18  relevant factors."  *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); *see also*

19  *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970) (appointment of counsel may be

20  necessary if the petitioner has such limited education that he or she is incapable of

21  presenting his or her claims); *Gonzalez v. Busby*, 10CV02243 JLS RBB, 2012 WL

22  2190780, at *2 (S.D. Cal. June 14, 2012) ("A due process violation may occur in the

23  absence of counsel if the issues involved are too complex for the petitioner.").

24      Having granted Petitioner a conditional writ of habeas corpus, the Court does not

25  find this action frivolous.  The Court finds this case both legally and factually complex.

26  This case is proceeding forward with strict deadlines, and the Court recognizes that the

27  postal mail communication between Petitioner and this Court has been significantly

28  delayed.  Respondent has twice failed to serve time-sensitive filings upon Petitioner at

the correct address.  For all of these reasons, the Court concludes that the interests of justice require appointment of counsel in this case.  *See* 18 U.S.C.A. § 3006A(a)(2)(B); *see also Hall v. Haws*, 05CV10 WQH JMA, 2012 WL 1857607 (S.D. Cal. May 22, 2012) (appointing counsel in § 2254 action because "a denial of Petitioner's [pending] motion under Rule 60(b) may raise significant due process issues").

**CONCLUSION**

The Request for Appointment of Counsel filed by Petitioner (ECF No. 38) is GRANTED. Victor N. Pippins, Jr. is appointed by the Court pursuant to the Criminal Justice Act to represent Petitioner in this case.

DATED:  June 5, 2013

**WILLIAM Q. HAYES**
United States District Judge