# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. NARANJO,<br><br>                         Petitioner,<br>vs.<br>JEFFREY BEARD, Secretary of the California Department of Corrections and Rehabilitation,<br><br>                         Respondent. | CASE NO. 11cv1487 WQH (PCL)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Request for Appointment of Counsel filed by Petitioner Jose A. Naranjo. (ECF No. 38).

## BACKGROUND

On April 10, 2013, the Court conducted a *de novo* review of the record and found that Petitioner Jose A. Naranjo had not been afforded the effective assistance of counsel guaranteed by the Sixth Amendment. (ECF No. 27).

On May 1, 2013, the Court amended the April 10, 2013 Order to indicate its finality. The Court granted Petitioner a conditional writ of habeas corpus, which stated: "Respondent shall release Petitioner from custody on June 9, 2013 unless, prior to that date, the Superior Court of California, County of San Diego has vacated its June 3, 2009 order and judgment and then reinstated that order and judgment, thereby allowing

1  Petitioner to initiate the appeal process from the reinstated judgment by seeking a
2  certificate of probable cause." (ECF No. 29 at 3).

3        On May 30, 2013, Respondent filed a Status Report. (ECF No. 31). Respondent
4  stated that counsel has been appointed to assist Petitioner in the state court proceedings.
5  Respondent stated that counsel for Petitioner and the San Diego County District
6  Attorney's Office reached "a tentative agreement between them to effectuate this
7  Court's grant of habeas relief," which would involve: (1) the filing of a successive
8  habeas petition in state court "based on the same allegations of ineffective assistance
9  as raised in this [federal] Court"; (2) the filing of a stipulation by the District Attorney's
10 Office stating that the state habeas petition should be granted; and (3) "a Superior Court
11 judge's grant of state relief such that [Petitioner] will be allowed to file a notice of
12 appeal and a request for a certificate of probable cause." *Id.* at 1-2. Respondent stated
13 that Petitioner's state court counsel wrote to Petitioner in prison on May 24 2013, but
14 had not received any response as of May 29, 2013. Respondent requested an additional
15 thirty days to comply with the conditions of the Court's May 1, 2013 Order due to "the
16 need for [Petitioner's counsel] to communicate with [Petitioner]." *Id.* at 2.

17       On May 30, 2013, the Court issued an Order resetting the date on which
18 Petitioner must be released – if the conditions of the May 1, 2013 Order are not satisfied
19 – to July 9, 2013. (ECF No. 32). The Court also stated:

20 > Respondent shall file, **no later than June 21, 2013**, any request to modify the conditions of the Court's May 1, 2013 Order, i.e. that the Superior Court of California, Court of San Diego vacate the June 3, 2009 state court order and judgment and then reinstate that order and judgment, thereby allowing Petitioner to initiate the appeal process from the reinstated judgment by seeking a certificate of probable cause. Any such request shall be filed pursuant to Federal Rule of Civil Procedure 60(b). *See Harvest v. Castro*, 531 F. 3d 737 (9th Cir. 2008). Petitioner shall file any response **no later than July 5, 2013.**

25 *Id.* at 2.

26       On May 31, 2013, Respondent filed a Notice of Appeal to the Ninth Circuit from
27 the Court's May 1, 2013 Order. (ECF No. 34).

28       On April 4, 2013, Petitioner filed the Request for Appointment of Counsel, which

1 is dated May 25, 2013. (ECF No. 38). Petitioner stated: "I, Jose A. Naranjo, a laymen and Spanish speaking individual declare I am the Petitioner in the above-referenced matter. I hereby request counsel be appointed in this matter ... to assist with respondent's multiple requests on how to proceed with this court's order filed May 01, 2013." *Id.* at 1.

## DISCUSSION

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Nonetheless, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever "the court determines that the interests of justice so require...." 18 U.S.C.A. § 3006A(a)(2)(B); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir. 1990) (stating that the decision to appoint counsel in a 28 U.S.C. § 2254 proceeding is within the discretion of the district court). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); *see also Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970) (appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims); *Gonzalez v. Busby*, 10CV02243 JLS RBB, 2012 WL 2190780, at *2 (S.D. Cal. June 14, 2012) ("A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner.").

Having granted Petitioner a conditional writ of habeas corpus, the Court does not find this action frivolous. The Court finds this case both legally and factually complex. This case is proceeding forward with strict deadlines, and the Court recognizes that the postal mail communication between Petitioner and this Court has been significantly delayed. Respondent has twice failed to serve time-sensitive filings upon Petitioner at

the correct address. For all of these reasons, the Court concludes that the interests of justice require appointment of counsel in this case. *See* 18 U.S.C.A. § 3006A(a)(2)(B); *see also Hall v. Haws*, 05CV10 WQH JMA, 2012 WL 1857607 (S.D. Cal. May 22, 2012) (appointing counsel in § 2254 action because "a denial of Petitioner's [pending] motion under Rule 60(b) may raise significant due process issues").

## CONCLUSION

The Request for Appointment of Counsel filed by Petitioner (ECF No. 38) is GRANTED. Victor N. Pippins, Jr. is appointed by the Court pursuant to the Criminal Justice Act to represent Petitioner in this case.

DATED: June 5, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge