1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JOSE A. NARANJO,                              CASE NO. 11cv1487 WQH
                                                   (PCL)
12                              Petitioner,
              vs.                                  ORDER
13
     JEFFREY BEARD, Secretary of the
14   California Department of Corrections
     and Rehabilitation,
15
                              Respondent.
16   HAYES, Judge:

17         The matter before the Court is the Ex Parte Application for Stay Pending Appeal

18   of Order Granting Release from Custody ("Application for Stay Pending Appeal") filed

19   by Respondent Jeffrey Beard.  (ECF No. 49).

20                              **BACKGROUND**

21         In February 2009, in the Superior Court of California, County of San Diego,

22   Petitioner Jose A. Naranjo pled guilty to several violent felonies pursuant to a plea

23   agreement.  The judge did not advise Petitioner of any appeal rights he was waiving or

24   preserving under the plea agreement.  Shortly thereafter, Petitioner moved to fire his

25   attorney and withdraw his guilty plea, alleging that he had been unduly influenced by

26   his attorney to plead guilty and had not understood the charges to which he was

27   pleading.  The court appointed Petitioner new counsel.  On June 3, 2009, following a

28

1   brief evidentiary hearing at which Petitioner's new counsel presented no argument, the

2   Court denied Petitioner's motion to withdraw his plea and sentenced him pursuant to

3   his plea agreement.  Petitioner's counsel failed to consult with him about an appeal.

4   Petitioner alleges, and Respondent does not dispute, that he wrote to his attorney

5   regarding an appeal and received no response.  The record shows that Petitioner, on

6   several occasions, sought basic information about his case from within prison, such as

7   his case number, the length of his sentence, and the name of the sentencing judge –

8   information Petitioner alleges he did not obtain until February 2010.  Neither Petitioner

9   nor his counsel initiated a direct appeal.  Petitioner, proceeding *pro se*, filed three

10   separate petitions for a writ of habeas corpus in the state courts, each of which was

11   denied.  This federal action followed.

12      On April 10, 2013, the Court conducted a *de novo* review of the record and

13   found, *inter alia*, that Petitioner had not been afforded the effective assistance of

14   counsel guaranteed by the Sixth Amendment, as defined in *Roe v. Flores-Ortega*, 528

15   U.S. 470 (2000).[1]  (ECF No. 27).  On May 1, 2013, the Court granted Petitioner a

16   conditional writ of habeas corpus and ordered him released from custody on June 9,

17   2013 unless, prior to that date, the Superior Court of California, County of San Diego

18   had vacated its June 3, 2009 order and judgment and then reinstated that order and

19   judgment, thereby allowing Petitioner to initiate the appeal process from the reinstated

20   judgment by seeking a certificate of probable cause.  (ECF No. 29).

21      On May 30, 2013, Respondent filed a status report indicating that Petitioner had

22   been appointed counsel in the state court proceedings.  (ECF No. 31).  Respondent

23   stated that Petitioner's newly-appointed state court counsel and the San Diego County

24

25

26

27

28

---

[1]Pursuant to *Flores-Ortega*, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480.  "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

District Attorney's Office had reached "a tentative agreement between them to effectuate this Court's grant of habeas relief," which would involve: (1) the filing of a successive habeas petition in state court "based on the same allegations of ineffective assistance as raised in this [federal] Court"; (2) the filing of a stipulation by the District Attorney's Office stating that the state habeas petition should be granted; and (3) "a Superior Court judge's grant of state relief such that [Petitioner] will be allowed to file a notice of appeal and a request for a certificate of probable cause." *Id.* at 1-2. Respondent stated that Petitioner's state court counsel was having difficulties contacting Petitioner, and requested an additional thirty days to satisfy the conditions of the writ.

On May 30, 2013, the Court reset the date on which Petitioner must be released to July 9, 2013. (ECF No. 32). The Court also stated:

> Respondent shall file, **no later than June 21, 2013**, any request to modify the conditions of the Court's May 1, 2013 Order, i.e. that the Superior Court of California, County of San Diego vacate the June 3, 2009 state court order and judgment and then reinstate that order and judgment, thereby allowing Petitioner to initiate the appeal process from the reinstated judgment by seeking a certificate of probable cause. Any such request shall be filed pursuant to Federal Rule of Civil Procedure 60(b). *See Harvest v. Castro*, 531 F. 3d 737 (9th Cir. 2008). Petitioner shall file any response **no later than July 5, 2013**.

*Id.* at 2.

On May 31, 2013, Respondent filed a Notice of Appeal to the Ninth Circuit (ECF No. 34) from the Court's May 1, 2013 Order granting habeas relief (ECF No. 29).

On June 5, 2013, the Court appointed counsel to assist Petitioner in this federal proceeding. (ECF No. 39).

On July 3, 2013, Respondent filed the Application for Stay Pending Appeal pursuant to Federal Rule of Civil Procedure 62(a) and Federal Rule of Appellate Procedure 8(a). (ECF No. 49).

//

//

//

**DISCUSSION**

"[A] district court retains jurisdiction to issue orders regarding the custody or enlargement of a [habeas corpus] petitioner even after an appeal has been taken." *Stein v. Wood*, 127 F.3d 1187, 1190 (9th Cir. 1997) (citation omitted). "This is not a case where the district court would be deciding the same issues before the appeals court. The district court is merely deciding whether a condition placed on a habeas petitioner's custody has been met." *Id.* "[C]onditional orders are essentially accommodations accorded to the state, in that conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one. The consequence when the State fails to replace an invalid judgment with a valid one is always release." *Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008) (quotations omitted). "[W]hen the State fails to cure the constitutional error, i.e., when it fails to comply with the order's conditions, and it has not demonstrated that it deserves relief from the judgment under [Federal] Rule [of Civil Procedure] 60 or the other mechanisms provided for in the Rules, the conditional grant of habeas corpus requires the petitioner's release from custody." *Id.* at 750; *see also* Fed. R. App. P. 23(c) ("While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety.").

The docket reflects that Respondent did not file a request pursuant to Federal Rule of Civil Procedure 60 to modify the conditions of the Court's May 1, 2013 Order. In the Application for Stay Pending Appeal, Respondent concedes that the conditions of the May 1, 2013 order – i.e. that the state court vacate and then reinstate Petitioner's state court judgment – have not been satisfied. Respondent states that "counsel for the State has been informed and believes that a tentative agreement has been reached [between Petitioner's attorneys and the San Diego District Attorney's Office] to provide such relief. Counsel for the State has no intention of stopping the efforts to achieve this relief." (ECF No. 49 at 2). Respondent requests a stay of Petitioner's release because

1 "[g]ranting a stay will permit the State to pursue an appeal, while maintaining the

2 potential for a trial in the event the appeal proves unsuccessful." *Id.*

3      Rule 8 provides: "A party must ordinarily move first in the district court for the

4 following relief: (A) a stay of the judgment or order of a district court pending

5 appeal...." Fed. R. App. P. 8(a)(1); *see also* Fed. R. Civ. P. 62(c) ("While an appeal is

6 pending from a ... final judgment that grants ... an injunction, the court may suspend,

7 modify ... or grant an injunction on terms for bond or other terms that secure the

8 opposing party's rights."). "Although there is a 'presumption of release from custody'

9 of a successful habeas petitioner pending appeal, 'it may be overcome if the traditional

10 stay factors tip the balance against it.'" *Haggard v. Curry*, 631 F.3d 931, 934 (9th Cir.

11 2010) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 774, 777 (1987); citing Fed. R. App.

12 P. 23(c)). Under both Federal Rule of Appellate Procedure 8(a) and Federal Rule of

13 Civil Procedure 62(c), "the factors regulating the issuance of a stay are generally the

14 same":

15      (1) whether the stay applicant has made a strong showing that he is likely
16 to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially
17 injure the other parties interested in the proceeding; and (4) where the public interest lies.

18 *Hilton*, 481 U.S. at 776 (citations omitted).

19 **I.    Likelihood of Success on the Merits**

20      "The most important factor is the first, that is, whether the state has made a strong

21 showing of likely success on the merits of its appeal of the district court's decision."

22 *Haggard*, 631 F.3d at 935 (citing *Hilton*, 481 U.S. at 778). "Where the State establishes

23 that it has a strong likelihood of success on appeal, or where, failing that, it can

24 nonetheless demonstrate a substantial case on the merits, continued custody is

25 permissible if the second and fourth factors in the traditional stay analysis militate

26 against release. Where the State's showing on the merits falls below this level, the

27 preference for release should control." *Id.* (citations omitted).

28      Respondent contends "there is a *reasonable chance* it will prevail on the merits"

of its appeal before the Ninth Circuit because "there is not a reported decision regarding the effect of Cal. Penal Code § 1237.5 on a trial defense counsel's performance in failing to take an appeal following a guilty plea...." (ECF No. 49 at 2-3 (emphasis added)). Respondent cites one case, *Ralbovsky v. Kane*, 407 F. Supp. 2d 1142 (C.D. Cal. 2005), *aff'd* 227 F. Appx. 691 (9th Cir. 2007), that Respondent contends "supports the State's view" of this case. *Id.* at 2.

There are factual similarities between this case and *Ralbovsky v. Kane*. Like Petitioner in this case, Ralbovsky pled guilty, was sentenced pursuant to a plea agreement, did not initiate a direct appeal, and subsequently brought state and federal habeas corpus petitions alleging, *inter alia*, ineffective assistance of counsel for failing to consult with him about a direct appeal and failing to file a notice of appeal. *Ralbovsky*, 407 F. Supp. 2d at 1148. However, with respect to the legal questions at issue, the cases are inapposite.

The standards of review are different. In *Ralbovsky*, the court reviewed petitioner's ineffective assistance claim with substantial deference pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and denied the claim on the grounds that the relevant state court decision was neither contrary to, nor an unreasonable application of, controlling Supreme Court precedent. This Court reviewed Petitioner's ineffective assistance claim *de novo* because the California Court of Appeal decided the claim on purely procedural grounds.

The material facts of this case and *Ralbovsky* are different. In concluding that petitioner's counsel was not duty-bound to consult about an appeal, *Ralbovsky* explained: "It is not at all clear defense counsel had any reason to think that petitioner, for whom he had negotiated an excellent plea agreement, would want to appeal, and there was no nonfrivolous ground for appeal." *Id.* at 1144 (citing *Flores-Ortega*, 528 U.S. at 480). On the other hand, this Court reached the opposite conclusion based upon (1) Petitioner's allegations that he did not understand the charges to which he was pleading and that he was unduly influenced to plead guilty; and (2) Petitioner's

unsuccessful attempts to withdraw his guilty plea in the weeks leading up to his sentencing and during the evidentiary hearing just prior to his sentencing.  *Cf., e.g., Flores-Ortega*, 528 U.S. at 479 ("[S]uppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is 'professionally unreasonable,' as a constitutional matter, in not consulting with such a defendant regarding an appeal.").

The Court has considered Respondent's contentions regarding the impact of California Penal Code § 1237.5 on the deficient performance prong of *Flores-Ortega*. (ECF Nos. 12 at 8, 23 at 5-6, 28 at 2, 49 at 2-3).  The Court does not find that Respondent has "establish[ed] a strong likelihood of success on appeal" or a "substantial case on the merits" in this regard.  *Haggard*, 631 F.3d at 935 (citing *Hilton*, 481 U.S. at 778); *see also Jones v. Henry*, 460 Fed. Appx. 717, 721 (9th Cir., December 7, 2011) ("Under § 1237.5, a defendant who pleads either guilty or no contest in the trial court must initiate an appeal by filing a statement of reasonable grounds for appeal with the trial court; to make the appeal operative, the trial court then issues a certificate of probable cause for appeal *unless the defendant's appeal is wholly frivolous*....  No fairminded jurist would draw a distinction between [a request for a certificate of probable cause] and a notice of appeal for the purposes of determining whether 'counsel perform[ed] in a professionally unreasonably manner.... " (emphasis added)) (citing *In re Chavez*, 30 Cal. 4th 643 (2003)); *People v. Ribero*, 4 Cal. 3d 55, 63 (1971) (under § 1237.5, "the test that [the legislature] must have ... intended to apply is whether the appeal is clearly frivolous and vexatious or whether it involves an honest difference of opinion"); *id.* at 66 ("[C]ounsel's obligation to assist in filing the notice of appeal necessarily encompasses assistance with the statement required by section 1237.5");

*Flores-Ortega*, 528 U.S. at 472 ("[A]lthough showing nonfrivolous grounds for appeal may give weight to the defendant's contention that he would have appealed, a defendant's inability to demonstrate the merit of his hypothetical appeal will not foreclose the possibility that he can meet the prejudice requirement where there are other substantial reasons to believe that he would have appealed.").[2]

As discussed above, the circumstances leading to Petitioner's sentencing provided substantial reasons for his counsel to believe that a rational defendant in Petitioner's position would want to appeal. *See id.* at 481 ("We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal."). Moreover, Petitioner did not waive his right to appeal his conviction or the denial of any motion. *See id.* (in determining whether a rational defendant would want to appeal, "a court must consider ... whether the plea expressly reserved or waived some or all appeal rights"). The judge who took Petitioner's plea and imposed his sentence did not advise Petitioner of any appeal rights that he was waiving or preserving under his plea agreement. *Cf.*, *e.g., id.* at 479-80 ("[S]uppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information."). Finally, the Court cannot say, based upon this record, that any hypothetical direct appeal would have been so lacking in merit for counsel to reasonably believe that Petitioner was not interested in appealing. Although this Court denied Petitioner's habeas claims that attacked the validity of his guilty plea, the Court's review of those claims was governed by AEDPA, limited to the record before the state habeas court, and focused solely on alleged violations of federal constitutional rights. *See id.* at 486 ("[I]t is unfair to require an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical

---

[2]*Ralbovsky* does not address any impact § 1237.5 may have under the *Flores-Ortega* framework.

1  appeal might have had merit before any advocate has ever reviewed the record in his

2  case in search of potentially meritorious grounds for appeal.").

3  　　　While Respondent contends that there is a "*reasonable chance* it will prevail on

4  the merits" of its appeal before the Ninth Circuit (ECF No. 49 at 3 (emphasis added)),

5  the relevant standard pursuant to *Hilton* requires a showing of a "*strong likelihood* of

6  success on appeal" or a "*substantial case* on the merits."   *Haggard*, 631 F.3d at 935

7  (citing *Hilton*, 481 U.S. at 778) (emphasis added).   Even considering the merits of

8  Respondent's arguments regarding *Rabolvsky* and § 1237.5, the Court does not find that

9  the State has "a strong likelihood of success on appeal" or a "substantial case on the

10 merits."  *Id.*

11 **II.    Injury to Respondent Absent a Stay**

12 　　　The second factor is whether Respondent "will be irreparably injured absent a

13 stay."   *Hilton*, 481 U.S. at 776.   "The State's interest in continuing custody and

14 rehabilitation pending a final determination of the case on appeal is also a factor to be

15 considered; it will be strongest where the remaining portion of the sentence to be served

16 is long, and weakest where there is little of the sentence remaining to be served."  *Id.*

17 at 777.

18 　　　Respondent contends that the State will suffer irreparable injury if a stay is not

19 granted:

20 　　　　If [Petitioner] were to be released from custody, the State's appeal to the
     　　　　Ninth Circuit will likely take longer than the time provided under state law
21 　　　　for a trial, assuming a retrial is permitted at all. *See* Cal. Penal Code §
     　　　　1381 (regarding ninety-day rule for further trial-court proceedings). As
22 　　　　such, and unless this Court's order is stayed, the State may have to forego
     　　　　its appeal before the appeal may be heard. [Petitioner]'s release from
23 　　　　custody now would effectively moot the State's appellate rights and would
     　　　　destroy the interest California has regarding [Petitioner]'s guilty-plea
24 　　　　claims on their merits. This would result in irreparable damage.

25 (ECF No. 49 at 3).

26 　　　Given the lengthy portion of Petitioner's 18 year and 8 month sentence remaining

27 to be served, the Court finds that Respondent has a substantial interest in "continuing

28 custody and rehabilitation pending a final determination of the case on appeal." *Hilton*,

481 U.S. at 777.  However, Respondent's showing of "irreparable injury" in this case – i.e., that if Petitioner is released, the State may be required to re-arrest and retry Petitioner before the State's appeal is heard – could be argued in any habeas proceeding when a district court's decision ordering release or a new trial is appealed.  The Court finds that Respondent has failed to show that this factor weighs strongly in favor of overcoming the "'presumption of release from custody' of a successful habeas petitioner pending appeal." *Haggard*, 631 F.3d at 934 (quoting *Hilton*, 481 U.S. at 774; citing Fed. R. App. P. 23(c)).

**III.    Injury to Other Interested Parties with a Stay**

The third factor is "whether issuance of the stay will substantially injure the other parties interested in the proceeding." *Hilton*, 481 U.S. at 776.

Respondent asserts that Petitioner "was sentenced to an eighteen year term and could face a life term if he were to be tried and convicted of all charges." (ECF No. 49 at 3).  In his briefing to this Court, Respondent has several times mentioned the potential consequences Petitioner might face if he is successful in withdrawing his plea and proceeding to trial.  Petitioner is currently represented by two attorneys who have had time to consult with Petitioner about such risks.  While Petitioner could have voluntarily dismissed this action at any stage of the proceedings, Petitioner chose to proceed forward, and was ultimately granted a conditional writ of habeas corpus by this Court.  Under these circumstances, Petitioner's "interest ... in release pending appeal" is "always substantial." *Id.* at 777.  "The client has the constitutional right ... to bet on the possibility of winning the appeal and then winning an acquittal, just as a poker player has the right to hold the ten and queen of hearts, discard three aces, and pray that when he draws three cards, he gets a royal flush." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1199 (9th Cir. 2005) (citing *Flores-Ortega*, 528 U.S. at 470; *Peguero v. United States*, 526 U.S. 23 (1999)).

The Court finds that Respondent has failed to show that this factor weighs in favor of overcoming the "'presumption of release from custody' of a successful habeas

1  petitioner pending appeal." *Haggard*, 631 F.3d at 934 (quoting *Hilton*, 481 U.S. at 774;

2  citing Fed. R. App. P. 23(c)).

3  **IV.   Public Interest**

4  The final factor is "where the public interest lies." *Hilton*, 481 at 776.  "[T]he

5  possibility of flight should be taken into consideration." *Id.* at 777.  "[I]f the State

6  establishes that there is a risk that the prisoner will pose a danger to the public if

7  released, the court may take that factor into consideration in determining whether or not

8  to enlarge him." *Id.*; *see also id.* at 779 ("[W]e do not agree that the Due Process

9  Clause prohibits a court from considering, along with the other factors that we

10 previously described, the dangerousness of a habeas petitioner as part of its decision

11 whether to release the petitioner pending appeal.").

12 If Petitioner is released from custody pursuant to this federal writ of habeas

13 corpus, Petitioner could be rearrested and tried by the State of California.  The public

14 has an interest in preserving State resources on a trial that would prove unnecessary if

15 the State prevails on appeal.  More importantly, the release of a prisoner convicted of

16 several violent felonies creates a danger to the public.  Although the public's interest

17 weighs heavily in favor of a stay, this factor, by itself, is insufficient to overcome "the

18 presumption of release from custody." *Haggard*, 623 F.3d at 934.

19 Accordingly, the request to stay the May 1, 2013 Order for the entire duration

20 of the appeal is denied.  However, the public's interest in a stay is sufficiently strong

21 to warrant granting Respondent a stay of ten days to allow Respondent to file a motion

22 in the Court of Appeals for the Ninth Circuit for a stay pending resolution of the appeal.

23 *See* Fed. R. App. P. 8(a)(1-2).

24 //

25 //

26 **CONCLUSION**

27 Respondent concedes that the State has failed to vacate and reinstate Petitioner's

28 state court order of judgment in order to remedy the constitutional violation identified

by this Court.  Respondent has failed to move pursuant to Federal Rule of Civil Procedure 60(b) to amend those conditions in an effort to prevent Petitioner's release. Respondent has failed to show that "the traditional stay factors tip the balance against [the presumption of release]."  *Haggard*, 623 F.3d at 934 (quotation omitted).

> The law of habeas corpus is subtle and intricate; mistakes are easy to make. But it is a body of law which the lawyers employed by a state attorney general should be masters. Failing to achieve such mastery, they should not blame federal judges for springing dangerous criminals free to prey on the citizenry whose safety the attorney general is sworn to protect.

*Fagan v. Washington*, 942 F.2d 1155, 1157 (7th Cir. 1991) (Posner, J.).

IT IS HEREBY ORDERED that the Application for Stay Pending Appeal (ECF No. 49) is DENIED.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Appellate Procedure 8(a)(1), the May 1, 2013 Order of this Court is STAYED for TEN (10) DAYS from the date this Order is filed.  Unless subsequently modified by this Court or the Court of Appeals for the Ninth Circuit, this stay shall lift automatically without further order of this Court ten days from the date this Order is filed, at which time Respondent Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation, shall immediately release Petitioner Jose A. Naranjo from his current unconstitutional custody.

DATED:  July 8, 2013

**WILLIAM Q. HAYES**
United States District Judge